UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
──────────────────────────────────────────────X

MARTAL COSMETICS, LTD.,

       Plaintiff,

                                                  **OPINION & ORDER**

      -against-                              **CV-01-7595(SJF)(JO)**

INTERNATIONAL BEAUTY EXCHANGE INC.,
JACOB AINI, RACHEL AINI, a/k/a GINA AINI a/k/a
RAQUEL AINI, SYMCHA HOROWITZ,
HARRY AINI, JOHN DOES 1-10, being persons or
entities participating in the counterfeiting of the subject
product, K.A.K. GROUP, INC. a/k/a INTERNATIONAL
BEAUTY EXCHANGE INC., I.C.E. MARKETING, CORP.
a/k/a I.C.E. INTERNATIONAL COSMETICS EXCHANGE
MARKETING, HOMEBOYS DISCOUNT, INC.,
HOMEBOYS INTERNATIONAL, INC., and
I.B.E. COSMETICS, INC.,

       Defendants.
──────────────────────────────────────────────X
FEUERSTEIN, J.

      Before the Court are objections by (1) defendants I.C.E. Marketing, Corp. a/k/a I.C.E. International Cosmetics Exchange Marketing, Michael Aini, Jacob Aini, Harry Aini, K.A.K. Group, Inc. a/k/a International Beauty Exchange Inc., I.B.E. Cosmetics, Inc., Homeboys Discount, Inc. and Homeboys International, Inc. (collectively, the "New York Defendants); (2) defendants Symcha Horowitz and International Beauty Exchange, Inc. (collectively, the "Florida Defendants"); and (3) plaintiff Martal Cosmetics, Ltd. (Martal), to a Report and Recommendation and Order of United States Magistrate Judge James Orenstein dated September

22, 2006[1] recommending, *inter alia*, that Martal's motion for summary judgment be granted in part and denied in part, that the New York Defendants' and Florida Defendants' cross motions for summary judgment be denied, and that various non-dispositive motions by the New York Defendants and Florida Defendants be denied. For the reasons stated herein, the Report and Recommendation and Order is modified to the extent set forth herein, and the Report and Recommendation and Order is otherwise accepted and affirmed in its entirety.

I. Report and Recommendation Regarding Dispositive Motions

    A. Standard of Review

Rule 72 of the Federal Rules of Civil Procedure permits magistrate judges to conduct proceedings on dispositive pretrial matters without the consent of the parties. Fed.R.Civ.P. 72(b). Any portion of a report and recommendation on dispositive matters, to which a timely objection has been made, is reviewed *de novo*. 28 U.S.C. § 636(b)(1); Fed.R.Civ.P. 72(b). The court, however, is not required to review the factual findings or legal conclusions of the magistrate judge as to which no proper objections are interposed. See, Thomas v. Arn, 474 U.S. 140, 150, 106 S.Ct. 466, 88 L.Ed.2d 435 (1985). Whether or not proper objections have been filed, the district judge may, after review, accept, reject, or modify any of the magistrate judge's findings or recommendations. 28 U.S.C. § 636(b)(1); Fed.R.Civ.P. 72(b).

---

[1] In the section relating to dispositive motions, Magistrate Judge Orenstein's Report and Recommendation and Order will be referred to as "the R&R." In the section relating to non-dispositive motions, Magistrate Judge Orenstein's Report and Recommendation and Order will be referred to as "the Order."

B.	The New York Defendants' and Florida Defendants' Objections

The New York Defendants allege, *inter alia*, that Magistrate Judge Orenstein erred (1) in recommending that partial summary judgment be granted in favor of Martal and against them on its trademark infringement claim relating to the 091 Registration covering Symba Soap; and (2) in recommending that summary judgment be granted in favor of Martal dismissing the second, fourth, eighth, eleventh, fourteenth and fifteenth affirmative defenses and the counterclaims of Jacob Aini and Rachel Aini.

The Florida Defendants allege that Magistrate Judge Orenstein erred (1) in denying its cross motion for summary judgment; and (2) in finding that there was no issue of fact regarding the validity of the 091 Registration pertaining to Symba Soap.[2]

1.	Partial Summary Judgment in Favor of Martal and against the New York Defendants

The New York Defendants and Florida Defendants contend that Magistrate Judge Orenstein's finding that there was no evidence in the record suggesting that Martal made false statements to the Patent and Trademark Office (PTO) when it sought registration for the Symba Soap is clearly erroneous because, *inter alia*, there is evidence suggesting that Marcus Sarner (Sarner), the founder of Martal, may have lied regarding his compliance with the labeling requirements of the Federal Food, Drug & Cosmetics Act (21 U.S.C. § 362) and regarding the mercury content of the soap and, thus, there is a question of fact regarding the validity of the 091 Registration covering Symba Soap. The New York Defendants further contend that Magistrate

---

[2] The Florida defendants only object to this finding to the extent that it precludes their twelfth affirmative defense.

Judge Orenstein erred by relying on the chemical analyses performed by Martal's manufacturers to determine that the products seized from them were counterfeit because such evidence constituted inadmissible hearsay.  In addition, the New York Defendants contend that in determining that I.C.E. Marketing, Corp. a/k/a I.C.E. International Cosmetics Exchange Marketing (ICE) and Michael Aini distributed the counterfeit products, Magistrate Judge Orenstein determined disputed issues of fact, failed to view the evidence in the light most favorable to ICE and improperly weighed the evidence.

Upon *de novo* review of the R&R, and upon careful consideration of (1) the New York Defendants' objections pertaining to the recommendation that partial summary judgment be granted in favor of Martal and against them on the trademark infringement claims, (2) the Florida Defendants' objections to the finding of Magistrate Judge Orenstein regarding the validity of the 091 Registration covering Symba Soap, and (3) plaintiff's responses thereto, the objections are overruled and so much of the R&R as recommends granting partial summary judgment in favor of Martal and against the New York Defendants, except Jacob Aini, on the Lanham Act and state law claims is accepted.  In addition, I find that there is no issue of fact regarding the validity of the 091 Registration covering Symba Soap.  Accordingly, partial summary judgment is granted in favor of Martal and against the New York Defendants, except Jacob Aini, on the Lanham Act and state law claims with respect to the 091 Registration covering Symba Soap.

2. Summary Judgment Dismissing Affirmative Defenses and Counterclaims of Jacob Aini and Rachel Aini

The New York Defendants contend that Magistrate Judge Orenstein erred in dismissing

the affirmative defenses and counterclaims of Jacob Aini and Rachel Aini, which asserted that they did not distribute counterfeit Symba products (second affirmative defense), that the Symba products they distributed, if any, were genuine (fourth and eighth affirmative defenses), that the trademark registration for Symba Soap is invalid due to Martal's fraud to the PTO (eleventh affirmative defense), and that Martal engaged in bad faith and abuse of process (fourteenth and fifteenth affirmative defenses and counterclaims), since he denied summary judgment to Martal with respect to Jacob Aini and there has been no finding of liability with respect to Rachel Aini.

Upon *de novo* review of the R&R, and upon careful consideration of the New York Defendants' objections pertaining to the grant of summary judgment in favor of Martal dismissing the above affirmative defenses and counterclaims of Jacob and Rachel Aini, and plaintiff's response thereto, the objections are overruled, this branch of the R&R is accepted and the second, fourth, eighth, eleventh, fourteenth and fifteenth affirmative defenses and counterclaims of Jacob and Rachel Aini are dismissed.

3. The Florida Defendants' Cross Motion for Summary Judgment

The Florida Defendants contend that Magistrate Judge Orenstein's finding that there is a question of fact regarding whether IBE-FL was acting in concert with the New York Defendants to distribute and sell counterfeit Symba Soap and Symba Cream is clearly erroneous because it is based upon pure speculation and conjecture.

Upon *de novo* review of the R&R, and upon careful consideration of the Florida Defendants' objections pertaining to the denial of their cross motion for summary judgment, and plaintiff's response thereto, the objections are overruled, this branch of the R&R is accepted and

the Florida Defendants' cross motion for summary judgment is denied in its entirety.

    C.    Plaintiff's Objections

Plaintiff objects only to so much of the R&R as recommended that defendants be given an opportunity to prove the affirmative defense of the invalidity of the 368 Registration pertaining to Symba Cream "by a preponderance of the evidence." According to plaintiff, the correct burden of proof is "clear and convincing evidence."

Magistrate Judge Orenstein was correct in concluding that Martal established a *prima facie* Lanham Act claim with respect to Symba Cream, but that such claim was still subject to the affirmative defense of fraud. See 15 U.S.C. § 1115(b)(1). Magistrate Judge Orenstein also correctly found that there exists genuine issues of material fact with respect to the affirmative defense of fraud as it relates to the registration for Symba Cream which preclude summary judgment in favor of Martal on its trademark infringement claims with respect to Symba Cream. However, the correct burden of proof to establish a defense of fraud is "clear and convincing evidence." See Orient Express Trading Co. v. Federated Department Stores, Inc., 842 F.2d 650, 653 (2d Cir. 1988). Thus, Magistrate Judge Orenstein's recommendation that "the court permit the defendants an opportunity to prove their affirmative defense of invalidity [based on fraud] by a preponderance of the evidence," is modified to change the burden of proof to "clear and convincing evidence."

Contrary to the contention of both the New York Defendants and Florida Defendants, the "clear and convincing evidence" standard is not limited to claims seeking cancellation of a registered trademark on grounds of fraud, but is also applicable to the defense of fraud. See, e.g.

6

Martha Graham School and Dance Foundation, Inc. v. Martha Graham Center of Contemporary Dance, Inc., 153 F.Supp.2d 512, 524 (S.D.N.Y. 2001), aff'd, 43 Fed.Appx. 408 (2d Cir. 2002) (holding that a fraud defense pursuant to 15 U.S.C. § 1115(b)(1) must be proven by clear and convincing evidence); Pilates, Inc. v. Current Concepts, Inc., 120 F.Supp.2d 286, 295 (S.D.N.Y. 2000)(noting that the defendants' fraud defense must be proven by clear and convincing evidence); see also Brittingham v. Jenkins, 914 F.2d 447, 453 (4th Cir. 1990)(holding that the defense of fraud under 15 U.S.C. § 1115(b)(1) must be established by clear and convincing evidence). The one case cited by the New York Defendants in support of its position that the "preponderance of evidence" standard is applicable, Reno Air Racing Ass'n, Inc. v. McCord, 452 F.3d 1126, 1135 (9th Cir. 2006), is inapposite, as it involved the proper standard of proof for a "genericness" defense, not a fraud defense. Accordingly, defendants must prove their affirmative defense of fraud in regard to the 368 Registration covering Symba Cream by clear and convincing evidence.

Upon review of the entire R&R, all of Magistrate Judge Orenstein's findings and recommendations, except as modified herein, are accepted in their entirety.

II.  Order Regarding Non-Dispositive Motions

   A.  Standard of Review

A district court may designate a magistrate judge to conduct proceedings on non-dispositive pretrial matters. 28 U.S.C. § 636(b)(1)(A); Fed. R. Civ. P. 72(a). Within ten days of service of a magistrate judge's order on a non-dispositive pretrial matter, any party may file written objections thereto. 28 U.S.C. § 636(b)(1)(A); Fed. R. Civ. P. 72(a). This court must

7

consider the objections and modify or set aside any portion of the order which is found to be "clearly erroneous" or "contrary to law." Fed. R. Civ. P. 72(a); see, Mitchell v. Century 21 Rustic Realty, 233 F.Supp.2d 418, 430 (E.D.N.Y. 2002). Reversal is only permitted where the magistrate judge abused his or her discretion. See, Mitchell, 233 F.Supp.2d at 430; McGrath v. Nassau County Health Care Corp., 204 F.R.D. 240, 242-243 (E.D.N.Y. 2001).

      B.      The New York Defendants' and Florida Defendants' Objections

The New York Defendants and Florida Defendants object to so much of the Order of Magistrate Judge Orenstein as limited the further deposition of Sarner to the issue of the 368 Registration for Symba Cream and contend that they should be permitted to also question Sarner regarding the 091 Registration for Symba Soap as relevant, *inter alia*, to the issue of the validity of that registration. Upon careful consideration of the New York Defendants' and Florida Defendants' objections to the Order, I conclude that they did not satisfy their heavy burden of showing that Magistrate Judge Orenstein's discovery ruling was clearly erroneous or contrary to law. Accordingly, the New York Defendants' and Florida Defendants' objections to the Order of Magistrate Judge Orenstein are overruled and the Order of Magistrate Judge Orenstein is affirmed in its entirety.

III.    CONCLUSION

Magistrate Judge Orenstein's R&R is modified to the extent that defendants must prove their affirmative defense of fraud pursuant to 15 U.S.C. 1115(b)(1) by clear and convincing evidence; otherwise the remainder of Magistrate Judge Orenstein's R&R and Order is accepted

and adopted in its entirety. Accordingly, (1) Martal's motion for summary judgment is granted to the extent that (a) summary judgment is granted in favor of Martal and against the New York corporate defendants, Harry Aini and Michael Aini on Martal's Lanham Act and state law claims relating to the infringement of the 091 Registration covering Symba Soap, and (b) summary judgment is granted in favor of Martal dismissing (i) the New York Defendants' first, second, fourth, sixth, seventh, eighth, ninth, tenth, twelfth, thirteenth, fourteenth and fifteenth affirmative defenses, (ii) the Florida Defendants' first, second, third, seventh, eighth, tenth, eleventh, thirteenth and fourteenth affirmative defenses, (iii) the New York Defendants' fifth and eleventh affirmative defenses, but only to the extent that they relate to the 091 Registration covering Symba Soap, (iv) the Florida Defendants' twelfth affirmative defense, but only to the extent that it relates to the 091 Registration covering Symba Soap, and (v) all defendants' counterclaims, and those affirmative defenses and counterclaims are dismissed, and Martal's motion for partial summary judgment is otherwise denied; (2) the Order of Magistrate Judge Orenstein is affirmed in its entirety; (3) the Florida Defendants' cross motion for summary judgment and for fees and costs pursuant to 35 U.S.C. § 1117 is denied in its entirety; (4) the New York Defendants' cross motion for summary judgment is denied in its entirety; and (5) defendants' respective motions to amend their answers are denied in their entirety.

In light of the grant of partial summary judgment in favor of Martal on its Lanham Act claim relating to the 091 Registration covering Symba Soap, Martal is granted a permanent injunction barring the New York Defendants from any future trademark infringement as to Symba Soap, including prohibiting the New York Defendants "[f]rom possessing, receiving, manufacturing, assembling, distributing, warehousing, shipping, transshipping, transferring,

storing, advertising, promoting, offering, selling, offering or holding for sale, disposing, or in any manner handling or dealing with any goods, packaging, wrappers, containers and recepticals [sic], and any catalogues, price lists, promotional materials and the like bearing a copy of colorable imitation of the Symba trademarks and/or the Symba trade dress." The issues of the amount of statutory damages to which Martal is entitled pursuant to 15 U.S.C. § 1117(c) and attorney's fees, if any, are deferred until a final determination of all claims in this action.

SO ORDERED.

SANDRA J. FEUERSTEIN
United States District Judge

Dated: March 22, 2007
Central Islip, New York

Copies to:

The Brown Law Group, P.C.
Two Grand Central Tower
140 East 45th Street
New York, New York 10017
Attn: Rodney A. Brown, Esq.

Ioannou & Ioannou, LLP
18851 N.E. 29th Avenue, Suite 719
Miami, Florida 33180
Attn: Michael J. Ioannou, Esq.

Michael J. O'Rourke, Esq.
2055 Flatbush Avenue
Brooklyn, New York 11231