# THE BROWN LAW GROUP, P.C.
ATTORNEYS AT LAW
TWO GRAND CENTRAL TOWER
140 EAST 45TH STREET
NEW YORK, NEW YORK 10017

RODNEY A. BROWN

MELISSA ALCANTARA
JULIA GAVRILOV
SUDAKSHINA SEN
RYAN J. WHALEN

TEL (212) 421-1845
FAX (212) 421-8418
EMAIL: INFO@BLG-PC.COM

May 19, 2008

**BY ECF**

The Honorable Roslynn R. Mauskopf
United States District Court Judge
United States District Court
The Eastern District of New York
225 Cadman Plaza East
Brooklyn, New York 11201

Re: **Martal Cosmetics, Ltd. v. International Beauty Exchange, Inc., et al. Index No. 01Civ. 7595(RRM)(JO)**

Honorable Madam:

    We represent Plaintiff Martal Cosmetics, Ltd. in the above-captioned action.

    The trial in this action is scheduled for June 16, 2008. Pursuant to Court Order dated February 12, 2008, the parties are to file the Joint Pretrial Order today. On Friday May 16, 2008, counsel for parties met in-person to work together on finalizing the Joint Pretrial Order. During this conference, counsel for the parties realized that there are significant disputes as to what issues the parties believe to have already been decided by Magistrate Orenstein's Report and Recommendation dated September 22, 2006 (D.E. 338) (the "R&R"), as adopted by District Court Judge Feuerstein's Order dated March 22, 2007 (D.E. 354) (the "Order").[1] It is because the resolution of these two related disputes will have a substantial impact on Plaintiff's (and probably Defendants') trial preparation, along with length and subject matter of the trial, that Plaintiff seeks the Court's immediate intervention.

    First, the parties are in dispute as to whether the Order, as it adopted the R&R, dismissed Defendants' Fifth Affirmative Defense in connection with the following "New York Defendants": Harry Aini, Michael Aini, KAK, IBE-NY, ICE and Homeboys.[2] Defendants' fifth affirmative defense alleges:

> Plaintiff's claims are barred because any alleged purchase or sale of Symba products by the New York Defendants, which ultimately may be shown to be counterfeit, was committed in good faith, innocently and without knowledge of whether the Symba products were counterfeit or whether such products were intended to or may cause confusion, mistake or deception

---

[1] Copy of the R&R and the Order are annexed hereto respectively as Exhibit ("Ex.") A and B.
[2] The New York Defendants and the individual defendant entities are defined at page 2 of the R&R.

THE BROWN LAW GROUP, P.C.

to customers.

Answer, Affirmative Defenses, and Counterclaims of the New York Defendants at p. 9, a copy of which is annexed hereto as Ex. C.

Magistrate Orenstein specifically addressed (and dismissed), *inter alia*, Defendants' fifth affirmative defense at page 41, footnote 14 of the R&R:

> Specifically, if the preceding analysis of the record is correct, the New York Defendants could not establish their affirmative defense of failure to state a claim (first affirmative defense), the assertion that they did not distribute counterfeit Symba products (second affirmative defense), the assertion that the Symba goods the defendants distributed were genuine (fourth and eighth affirmative defenses **and the assertion that they were innocent infringers (fifth affirmative defense)**, and, with respect to Symba soap, their assertion that the trademarks at issue are invalid due to Martal's fraud on the PTO (eleventh affirmative defense)."

Ex. A (Emphasis added).

Despite Magistrate Orenstein's above cited unequivocal language, Harry Aini, Michael Aini, KAK, IBE-NY, ICE and Homeboys believe that the issue of whether defendants distributed, sold and offered for sale counterfeit Symba Soap and Cream in "good faith, innocently and without knowledge" that the Symba Soap and Cream was counterfeit will be addressed at trial. Defendants' position that the fifth affirmative defense is still viable is based upon what Plaintiff believes is a clear case of the inadvertent transposing at pages 49 and 63 of the R&R of Defendants' eleventh affirmative defense[3] with Defendants' fifth affirmative defense. For example, at page 49 of the R&R, Magistrate Orenstein recommended the following:

> For all of the reasons set forth above, with the exception of their third affirmative defense that concerns only the personal liability of Jacob and Rachel Aini and **their fifth affirmative defense concerning the validity of the 368 Registration**, the New York Defendants have failed to develop a record that would all their affirmative defenses or counterclaims to stand as a basis for denying judgment to Martal on its claims.

---

[3] The New York Defendants' Eleventh Affirmative Defense asserts, "Plaintiff's claims may also be barred by the doctrines of unclean hands, inequitable conduct, estoppel or illegality because any claimed ownership of the Symba trademark or trade dress by Plaintiff may have been obtained from the United States Patent and Trademark Office through deceit, fraud, misappropriation, misrepresentation and other wrongful conduct." For the reasons set forth at pages 23 through 27 of the R&R, Magistrate Orenstein recommended that Defendants' Eleventh Affirmative defense not be dismissed with respect to Plaintiff's 368 Registration.

THE BROWN LAW GROUP, P.C.

Ex. A. (Emphasis added).

It is evident that in the above cited passage of the R&R Magistrate Orenstein was, in fact, referring Defendants' eleventh affirmative defense, which asserts an affirmative defense based upon the invalidity of the Symba trademarks, and not the fifth affirmative defense, which asserts an "innocent infringer" defense and has nothing to do with the validity of the 368 Registration.

In the same vein as the aforementioned dispute, Defendants' counsel has also informed us that even if the Order, as adopted by the R&R, did dismiss the fifth affirmative defense as it was asserted by Harry Aini, Michael Aini, KAK, IBE-NY, ICE and Homeboys, the R&R (as adopted by the Order) did not find that said Defendants willfully trafficked in counterfeit Symba products. Defendants' position has no merit and is an attempt to religitate an issue that has already been determined in this action.

The R&R unquestionably recommended a finding that the Harry Aini and Michael Aini via their "many corporate guises" willfully trafficked in counterfeit Symba product. See Ex. A, p. 36. First, the fact that the R&R dismissed Defendants' fifth affirmative defense alleging that Defendants' trafficking in counterfeit Symba products was "committed in good faith, innocently and without knowledge", establishes that the Court found Defendants' conduct to be willful. Furthermore, at page 35 of the R&R the Court determined that it was "inconceivable" that Defendants did not act willfully:

> The New York Defendants argue that Martal has failed to establish that ICE ever sold IBE-NY or any other individual or entity any counterfeit Symba products. Their position is simply untenable. As noted, unquestionably counterfeit Symba goods were seized from the Maspeth location on three separate occasions. Records seized from ICE demonstrates that it continued to sell substantial quantities of Symba Cream and Symba Soap well after Martal has ceased supplying it with genuine products, after the Preliminary Injunction against its use of the Symba mark was issued, and after counterfeit goods had been seized from the warehouse it shares with IBE-NY. In light of this undisputed evidence, **it is inconceivable that all of the Symba Cream and Symba Soap ICE sold after 1998 was genuine, and that ICE was not aware of the possibility it was selling counterfeit products.**

Ex. A, at 35. (Emphasis added).

Based on the foregoing, it is respectfully requested that the Court issue an Order that (i) instructs the parties that Defendants' fifth affirmative defense as it applies to Harry Aini, Michael Aini, KAK, IBE-NY, ICE and Homeboys is dismissed and will not be an issue that can be raised at trial; (ii) instruct the parties that the issue of Harry Aini, Michael Aini, KAK, IBE-NY, ICE and Homeboys willfulness in trafficking in counterfeit

THE BROWN LAW GROUP, P.C.

Symba Soap and Symba Cream has been established and is not an issue to be addressed at trial; and (iii) pursuant to Fed.R.Civ.P. 60(a), the Court correct the mistake contained in the R&R (Ex. A, p. 63) and the Order (Ex. B, p. 9, Point 1(iii)) to the extent said documents mistakenly transpose Defendants' fifth affirmative defense alleging that Defendants were innocent infringers with the eleventh affirmative defense alleging invalidity of the 368 Registration.

Plaintiff apologizes for burdening the Court with these issues. However, because the determination of the aforementioned disputes impact so substantially on the parties' trial preparation and the trial itself, Plaintiff has no choice but to seek immediate judicial intervention. Of course, should the Court wish for Plaintiff to proceed on a formal basis via an Order to Show Cause, Plaintiff, of course, would defer to the Court's instructions.

Respectfully submitted,

Rodney A. Brown

RAB: jw
cc: Michael J. Ioannou, Esq.   (By ECF)