UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
------------------------------------------------------------------x

MARTAL COSMETICS, LTD.,

                                **Plaintiff,**

    -against-

HARRY AINI; JACOB (JACK) AINI; MICHAEL AINI; RACHEL (RAQUEL) AINI; The Foregoing Individuals d/b/a International Beauty Exchange, International Beauty Exchange, Inc., K.A.K. Group, Inc. d/b/a International Beauty Exchange, I.B.E. Cosmetics, Inc., I.C.E. Marketing, Corp. a/k/a I.C.E. International Cosmetics Exchange Marketing, and Homeboys; K.A.K. GROUP, INC. D/B/A INTERNATIONAL BEAUTY EXCHANGE; I.B.E COSMETICS, INC.; I.C.E. MARKETING, CORP. A/K/A I.C.E. INTERNATIONAL COSMETICS EXCHANGE MARKETING; HOMEBOYS INTERNATIONAL, INC.; HOMEBOY'S DISCOUNT, INC.; SYMCHA HOROWITZ; INTERNATIONAL BEAUTY EXCHANGE, INC. (a Florida Corporation) AND JOHN DOES 1-10 BEING PERSONS OR ENTITIES PARTICIPATING IN THE COUNTERFEITING OF THE SUBJECT PRODUCT,

                                **Defendants.**

                                                          01 Civ. 7595(RRM)(JO)

------------------------------------------------------------------x

## PLAINTIFF'S STATEMENT REGARDING DAMAGES

       Plaintiff Martal Cosmetics, Ltd., by and through its undersigned attorneys, The Brown Law Group, P.C., respectfully submits its statement regarding damages, pursuant to the Court's Individual Practice Rule IV(B)(2).

I.

## PRELIMINARY STATEMENT

The Report and Recommendation dated September 22, 2006 (the "Sept. 22nd R&R") (as adopted by the Court's Order dated March 22, 2007) addressed, in part, the various forms of relief sought by Plaintiff with respect to defendants Harry Aini, Michael Aini, International Beauty Exchange, Inc. ("IBE-NY"), K.A.K. Group, Inc. d/b/a International Beauty Exchange ("KAK"), I.C.E. Marketing, Corp. a/k/a I.C.E. International Cosmetics Exchange Marketing ("ICE") and Homeboys International, Inc. and Homeboys Discount, Inc. ("Homeboys") (collectively, the "NY Defendants", which excludes, Jacob Aini ("J. Aini) and Rachel Aini ("R. Aini").

The Sept. 22nd R&R granted the portion of Plaintiff's motion for summary judgment seeking permanent injunctive relief against the NY Defendants with respect to the Symba Soap, and, in the event Defendants fail to prove their invalidity affirmative defense at trial, also with respect to the Symba Cream. See Sept. 22nd R&R, pp. 60-61.

The Sept. 22nd R&R also determined that due to the NY Defendants willful and bad faith trafficking in counterfeit Symba product Plaintiff is entitled to recover statutory damages, pursuant to 15 U.S.C. § 1117(c). See id. pp. 36, 41 n. 14, 61 and 62. However, while the Court determined that Plaintiff should be made "whole", the Court, at that time, withheld determining the amount of statutory damages. The Court's decision was due to the fact that Plaintiff's summary judgment motion was not granted with respect to J. Aini, and did not seek summary judgment with respect to R. Aini. See id. at pp. 61.

Plaintiff's Summary Judgment Motion also sought attorneys' fees, costs and expenses (including investigator's fees). Although Magistrate Orenstein noted that in cases, like

this, where a defendants' infringement was willful, most Courts permit the recovery of attorneys' fees in conjunction with statutory damages under 15 U.S.C. § 1117(c)(2), Magistrate Orenstein found it premature to determine whether Plaintiff was entitled to recover attorneys' fees, costs and expenses. See Sept. 22nd R&R p. 62. Magistrate Orenstein recommended that the issue of attorneys' fees be revisited after it can be determined whether the statutory damages under 15 U.S.C. § 1117(c)(2) "is sufficient to make Martal whole, or whether an additional award of attorneys' fees is justified." Sept. 22nd R&R p. 62.

A. **INJUNCTIVE RELIEF**

With respect to Plaintiff's Lanham Act claims and NY Gen.Bus.L. § 360-l (trade dilution) claim, Plaintiff seeks that the same permanent injunction entered against the NY Defendants at pages 60 and 61 of the Sept. 22nd R&R also be entered against J. Aini and R. Aini.

B. **STATUTORY DAMANGES PURSUANT 15 U.S.C. § 1117(C)(2)**

In a case involving the use of a counterfeit mark in connection with the sale, offering for sale, or distribution of goods or services, the plaintiff may elect to recover an award of statutory damages for any such use in connection with the sale, offering for sale, or distribution of goods or services in the amount of –

(1) Not less than $500 or more than $100,000 per counterfeit mark per type of goods or services sold, offered for sale, or distributed, as you consider just; or

(2) If you find that the use of the counterfeit mark was willful, not more than $1,000,000 per counterfeit mark per type of goods or services sold, offered for sale, or distributed. *15 U.S.C. § 1117(c)*.

In this case, pursuant to Defendants' willful violations of 15 U.S.C. §§ 1114 and 1125, Plaintiff seeks an award of statutory damages under 15 U.S.C. § 1117(c)(2) in the amount of $2,000,000, jointly and severally, against Defendants (i.e., $1,000,000, respectively, for the '091 and '368 Registrations).[1]

In determining the amount of statutory damages that should be awarded to the plaintiff, the Court may consider factors, such as:

(i) the willfulness of the infringement;

(ii) defendants' efforts to mislead and conceal their infringement; and/or

(iii) defendants' defiance at attempts to deter counterfeiting;

(iv) defendants' prior involvement in other counterfeiting efforts. See Phillip Morris USA, Inc. v. Lee, 2008 WL 1776889 * 9 (W.D. Tex. April 10, 2008); and/or

(v) defendants showing an "aura of indifference to Plaintiff's rights." Chanel, Inc. v. Gordashevsky, 2008 WL 939205 * 4 (D.N.J. April 7, 2008).

C.   **ATTORNEY'S FEES, COSTS AND EXPENSES**

In the Sept. 22nd R&R, the Court first addressed the preliminary question of whether a party can recover both statutory damages under 15 U.S.C. § 1117(c)(2) and attorney's fees, costs and expenses. See Sept. 22nd R&R, at 61. The Court did note that "most courts have awarded attorneys' fees in addition to statutory damages under § 1117(c)." Id. Case law supports the Court's position that "most courts" have held that attorneys' fees are also recoverable in addition to statutory damages under 15 U.S.C. § 1117(c)(2). See Cartier Inter. B.V. v. Ben Menachme, 2008 WL 64005 *14-15 (S.D.N.Y. Jan. 3, 2008) and Nike Inc. v. Top Brand Co., 2006 WL 2946472 * 3-4 (S.D.N.Y. Feb. 27, 2007).

---

[1] The amount of statutory damages to award under 15 U.S.C. § 1117(c)(2) is a determination made by the Court, not the jury. See Gucci America, Inc. v. Accents 994 F.Supp. 538, 540 (S.D.N.Y. 1998).

The Sept. 22nd R&R determined that "[b]efore the judgment amount is known, it would be premature to determine whether it is sufficient to make Martal whole, or whether an additional award of attorneys' fees is justified." Sept. 22nd R&R, p. 62. Stated otherwise, the Court wanted to first determine if the statutory damages awarded Plaintiff would cover Plaintiff's attorneys' fees, costs and expenses; if not, the Court determined that Plaintiff should recover its attorneys' fees, costs and expenses. See id.

At trial, or a hearing thereafter as ordered by the Court, Plaintiff will be submitting the time and billing records and/or summaries of its counsel (and investigators) in support of its claim for attorneys' fees, costs and expenses.

D.   **ACTUAL DAMAGES FOR INFRINGEMENT**

   **(15 U.S.C.§1117(a), 1125, New York Unfair Competition and Unjust Enrichment)**

In the event the Court finds for Defendant with respect to Defendants' Eleventh Affirmative Defense seeking the invalidity of the '368 Registration, Plaintiff will be unable to seek statutory damages under 15 U.S.C. § 1117(c)(2), with respect to Plaintiff's Lanham Act claims for trademark infringement and unfair competition. Plaintiff will then seek to recover its losses and Defendants' profits arising under their violation of the common law trademark infringement, unfair competition and unjust enrichment.

E.   **PUNITIVE DAMAGES**

Plaintiff will also seek punitive damages in connection with its New York State unfair competition claim.

Dated: New York, New York
       June 2, 2008

Respectfully submitted,

THE BROWN LAW GROUP, P.C.

By: _/s/ Rodney A. Brown_
Rodney A. Brown (RB 7558)

Attorneys for Plaintiff
Two Grand Central Tower
140 East 45th Street
New York, New York, 10017
Tel: (212) 421-1845