UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
-------------------------------------------------------------- X
Martal Cosmetics, Ltd.,

                                    Plaintiff,        **BENCH TRIAL PROCEDURE
                                                      ORDER**
                    -against-                         Case No. 01-7595 (TLM)

International Beauty Exchange et al.,

                                    Defendants,
-------------------------------------------------------------- X

        The trial on the merits of this matter will commence on Tuesday, August 10, 2010 at 10:00

a.m. in Courtroom N302.  The Court may schedule a pretrial conference in person or by telephone

if deemed necessary or appropriate.

        The attorneys for the parties are to fully comply with the procedures set out herein and are

to provide the Court with the specific information requested.  All deadlines are to be strictly adhered

to.  The attorneys should read carefully and pay particular attention to the last paragraph of this

order.

**I.      TRIAL OUTLINES:**

        A.      Plaintiff's Attorney

                1.      No later than **twenty (20) days** from the date of this order **inclusive of

                        weekends and holidays**, the attorney for the plaintiff shall file a concise

                        summary of proposed "findings of fact" and "conclusions of law" based on

                        the submitting attorney's perception of what the evidence to be adduced at

                        trial will demonstrate.

                2.      The outline's "findings of fact" from plaintiff's attorney is to contain *each*

1

type of damage for which plaintiff seeks compensation from defendants; the value apportioned or otherwise claimed for each such damage; and the evidence through documents or testimony that plaintiff maintains will support such claim(s).

B.    Defendants' Attorney

    1.    No later than **forty (40) days** from the date of this order **inclusive of weekends and holidays**, the attorney for the defendants is to respond to each of plaintiff's claims in the same format as called for by this order and as set out by plaintiff.  Additionally, counsel is to state with specificity all defenses to each type of injury claimed by plaintiff.

C.    The parties' trial outlines shall be submitted electronically on ECF.

## II.    WILL CALL WITNESS LISTS:

A.    No later than **twenty (20) days** from the date of this order **inclusive of weekends and holidays**, each party shall submit a list containing the name and a brief description of the expected testimony of each witness that will *actually* be called to testify at trial in its case in chief.  The party listing a "will call" witness must have that witness physically present at trial. No party shall release a "will call" witness without first obtaining an order from the Court.  Bad faith failure to call witnesses who were listed as will call witnesses risks an adverse presumption or other appropriate action, including sanctions, by the court.

B.    For each expert witness, each party shall also state the area in which the party intends to qualify the expert, and shall **provide a written report that contains all of the**

2

       **information required by Federal Rule of Civil Procedure 26(a)(2)**.  Treating medical professionals, if applicable, are required to comply with the requirements of Rule 26(a)(2) in all respects, and may not be allowed to testify if they fail to comply.

C.      The witness list shall also include rebuttal and potential impeachment witnesses reasonably anticipated to be called at trial.

D.      Any witness not listed on a party's Will Call Witness List will not be allowed to testify at trial.

E.      The parties' Will Call Witness Lists shall be submitted electronically on ECF.

## III.   EXHIBITS AND BENCH BOOKS:

A.      **No later than seven (7) days prior to trial**, all exhibits and demonstrative aids, i.e. any physical item that will be brought into the courtroom, must be exchanged among the parties.

B.      **No later than seven (7) days prior to trial**, each party shall have two bench books delivered to the Court for use by the trial judge and the judge's law clerk.  **At trial**, counsel are instructed to have a bench book for witnesses' use during testimony, and a set of original documents to be marked and filed into evidence.

C.      The bench books are to be tabbed and **the pages of each exhibit shall be marked with Bates numbers.**  Before the first tab, there shall be an index that lists each exhibit, and briefly states the purpose for which each exhibit will be offered at trial.

D.      On each exhibit index, the opposing party is to state all objections to admissibility of any listed exhibits.  These objections should be stated clearly and concisely and contain the legal and/or factual basis of objection.  Any objection to relevance may

be noted simply as "Relevance."  Failure to object to the admissibility of exhibits in the bench book will constitute waiver by the party of objection to the admission at trial of the exhibit.

E.    Any exhibit not contained within the bench book will be deemed not to have been exchanged and will not be admitted into evidence at trial.

F.    Any exhibit contained within the bench books not objected to is deemed to have been exchanged and authenticity objections waived.

G.    A party can offer any unobjected to exhibit listed by any other party, even if the party who listed the exhibit fails to offer the exhibit into evidence.

H.    No document contained in the bench books will be deemed to have been admitted unless it is actually introduced at trial through the testimony of a witness or by stipulation of counsel.

## IV.    REALTIME GLOSSARY:

A.    **No later than seven (7) days prior to trial**, each party shall submit a "Realtime Glossary," which shall contain all proper names and rare words from all depositions taken in the case, witness lists, exhibit lists and expert reports, to jake_honigman@lawd.uscourts.gov in Microsoft Word or WordPerfect format.

While it is regrettable, in the Court's experience some attorneys have failed to comply with a Court's order.  In the event of a failure of an attorney in this case to strictly comply with the requirements of this order by a designated deadline, opposing counsel *SHALL IMMEDIATELY* electronically notify the Court and opposing counsel of the failure in order for the Court to take such action as is necessary including the imposition of an adverse presumption or the imposition of

4

sanctions if appropriate.  The trial date as set by the Court will not be affected by any remedial action that the Court may take.

       **SO ORDERED.**

                                      Tucker L. Melançon
                                      United States District Judge

January 29, 2010
Brooklyn, NY