UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
-----------------------------------------------------------------X
Martal Cosmetics, Ltd.,

          Plaintiff,   MEMORANDUM AND ORDER
                 Case No. 01-cv-7595 (TLM) (JO)
  -against-

International Beauty Exchange Inc. et al.,

          Defendants
-----------------------------------------------------------------X

**TUCKER L. MELANÇON, Senior United States District Judge:**

  Before the Court are plaintiff Martal Cosmetics, Ltd.'s Second Motion for Summary Judgment [Rec. Doc. 417], defendants Harry Aini, Jacob Aini, Michael Aini, K.A.K. Group, Inc., I.B.E. Cosmetics, Inc., I.C.E. Marketing Corp., and Homeboy's International, Inc.'s ("defendants") Memorandum in Opposition thereto [Rec. Doc. 427], plaintiff's Reply Memorandum in support thereof [Rec. Doc. 432], defendants' Notice of Filing Supplemental Authority [Rec. Doc. 434], plaintiff's opposition thereto [Rec. Doc. 435], defendants' Motion to Strike plaintiff's opposition [Rec. Doc. 436], and plaintiff's response thereto [Rec. Doc. 437]. For the reasons set forth herein, plaintiff's Motion [Rec. Doc. 417] will be DENIED.

**I.  Procedural Background**

  Plaintiff moved for summary judgment against all defendants on all claims on April 14, 2003 [Rec. Doc. 159]. The Motion was granted in part and denied in part by United States District Judge Sandra J. Feuerstein's Order of March 22, 2007 ("the 3/22/07 Order") [Rec. Doc. 354], *see also Martal Cosmetics, Ltd. v. Int'l Beauty Exchange, Inc.*, 2007 WL 895697 (E.D.N.Y.2007), which adopted United States Magistrate Judge James Orenstein's Report and Recommendation of

1

September 22, 2006 ("the 9/22/06 R&R") [Rec. Doc. 338] as modified therein. The 3/22/07 Order granted partial summary judgment in favor of plaintiff and against all defendants except Jacob Aini on all claims related to the 091 Registration covering Symba Soap. It denied summary judgment against defendant Jacob Aini on all claims, as plaintiff failed to conclusively establish that Jacob Aini was substantially involved in the alleged infringing activities. It denied summary judgment on all claims related to the 368 Registration covering Symba Cream, finding that such claims may be subject to the affirmative defense of fraud; that is, defendants may prove, by clear and convincing evidence, that plaintiff committed fraud on the United States Patent and Trademark Office ("PTO") in connection with obtaining the 368 Registration.

In its Motion, plaintiff argues that (1) defendant Jacob Aini is individually liable, as a matter of law, for the trademark infringement committed by the corporate defendants; and (2) the record evidence cannot support defendants' affirmative defense of fraud relating to the 368 Registration for Symba Cream.

## II.     Jacob Aini's Individual Liability

It is the well-established law of this Circuit, and, indeed, of this case, that a corporate officer may be held personally liable for trademark infringement if the officer is "a moving, active conscious force behind" the defendant corporation's infringement. *Martal*, 2007 WL 895697, at *23; *Cartier v. Aaron Faber, Inc.*, 512 F.Supp.2d 165, 170 (S.D.N.Y.2007).

Judge Feuerstein, in denying summary judgment, found that plaintiff failed to introduce sufficient facts linking Jacob Aini to the counterfeit goods to warrant summary judgment as to his individual liability. *Martal*, 2007 WL 895697, at *24. Plaintiff's newly discovered evidence, which consists of Jacob Aini's own admissions of his various positions and relationships with the various

2

corporate entities, does not warrant a different finding. While the evidence may tend to show that Jacob Aini played a role in the entities' operations, it does not conclusively demonstrate that he "authorized and approved the acts of unfair competition which are the basis of [their] liability," *see Martal*, 2007 WL 895697, at *23; *Cartier*, 512 F.Supp.2d at 170, and a reasonable finder of fact could reach the opposite conclusion.

Plaintiff cites a case that it purports to stand for the proposition that, where a corporation has two employees who are the only two officers, each of them can be held individually liable for any trademark infringement committed by the corporation. *See Tanning Research Laboratories, Inc. v. Worldwide Import & Export Corp.*, 803 F.Supp. 606 (E.D.N.Y.1992). In *Tanning Research Laboratories*, there was evidence that each of the individuals committed infringing acts personally, and neither individual contested the fact that he "authorized, directed and participated in the infringement." *Id*. Here, by contrast, the evidence submitted by plaintiff does not establish Jacob Aini's direct participation in the corporate defendants' infringing activities, and defendants point to deposition testimony in which Jacob Aini and others deny that he participated in such activity.

There is insufficient evidence in the record before the Court to grant summary judgment against defendant Jacob Aini. The extent of his participation in the corporate defendants' infringing activities is a question of fact to be resolved at trial.

### III. Defendants' Affirmative Defense of Fraud on the PTO

A trademark infringement claim is subject to the affirmative defense of fraud. *See* 15 U.S.C. § 1115(b)(1). "Fraud in procuring a trademark occurs when 'an applicant knowingly makes false, material representations of fact in connection with an application.'" *De Beers LV Trademark Ltd. v. DeBeers Diamond Syndicate, Inc.*, 440 F.Supp.2d 249, 266 (S.D.N.Y.2006) (quoting *L.D. Kichler*

3

*Co. v. Davoil, Inc.*, 192 F.3d 1349, 1351 (Fed.Cir.1999)). Alleged fraud must be demonstrated by "clear and convincing evidence." *See Orient Exp. Trading Co., Ltd. v. Federated Dept. Stores, Inc.*, 842 F.2d 650, 653 (2d Cir.1988).

Judge Feuerstein, in denying summary judgment, found that genuine issues of material fact exist with respect to the affirmative defense of fraud as it relates to the 368 Registration for Symba Cream. *Martal*, 2007 WL 895697, at *3. Specifically, the deposition testimony of Marcus Sarner, plaintiff's founder, seemed to suggest that not all of the items for which the 368 Registration was issued were in fact in commerce at the time of the application. *Id.* at *17.

Plaintiff reiterates its argument that the record evidence cannot support defendants' affirmative defense of fraud, and specifically points to the dearth of direct evidence relating to plaintiff's subjective intent when it applied for the 368 Registration. However, if plaintiff, through Sarner, made a false statement on its application about whether its own products were in commerce in the United States at the time, a reasonable finder of fact could find that it did so intentionally. Such a finding would require no more than an inference that he, the corporation's founder, was aware that the corporation was selling certain products at that time that he was applying for a trademark on those products. Thus, a showing that the products were not in use in commerce at the time of the application could constitute "clear and convincing evidence" that plaintiff knowingly made a false, material representation of fact in connection with its application.

In each of the trademark infringement cases cited by plaintiff, a district court found that there was insufficient evidence to support a finding that the applicant in question knowingly made a false statement. *See Primepoint, L.L.C. v. Primepay, Inc.*, 545 F.Supp.2d 426, 446-47 (D.N.J.2008) (insufficient evidence that applicant knew that "targeting banks to obtain referrals" did not amount

4

to "banking services"); *3M Company v. Intertape Polymer Group, Inc.*, 423 F.Supp.2d 958, 962-63 (D.Minn.2006) (insufficient evidence that applicant knew or should have known how many others were selling blue tape); *Hodgdon Power Company, Inc. v. Alliant Techsystems, Inc.*, 497 F.Supp.2d 1221, 1235 (D.Kan.2007) (insufficient evidence that applicant knowingly understated the ubiquity of the term "clay" in the shooting sports industry). Here, by contrast, as explained above, a reasonable finder of fact could safely infer as much. One could infer that Sarner knew what products his company was selling.

There is sufficient evidence in the record before the Court for defendants' affirmative defense of fraud to survive summary judgment. The existence of "clear and convincing evidence" of fraud in plaintiff's 368 Registration for Symba Cream is a question of fact to be determined at trial.

**IV.     Conclusion**

Based on the foregoing, it is

**ORDERED** that plaintiff Martal Cosmetics, Ltd.'s Second Motion for Summary Judgment [Rec. Doc. 417] is DENIED.

**SO ORDERED.**

Tucker L. Melançon
United States District Judge

May 28, 2010
Brooklyn, NY

5