UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
-----------------------------------------------------------------X
Martal Cosmetics, Ltd.,

                               Plaintiff,        MEMORANDUM AND ORDER
                                                   Case No. 01-cv-7595 (TLM) (JO)
        -against-

International Beauty Exchange Inc. et al.,

                               Defendants
-----------------------------------------------------------------X

**TUCKER L. MELANÇON, Senior United States District Judge:**

Before the Court are plaintiff's May 19, 2008 letter Motion [Rec. Doc. 381] for clarification of various prior rulings in this matter that were issued before the case was assigned to the undersigned, and the Report and Recommendation of United States Magistrate Judge James Orenstein dated June 5, 2008 ("the 6/5/08 R&R") [Rec. Doc. 398]. Also before the Court are defendants Harry Aini, Michael Aini, K.A.K. Group, Inc., I.B.E. Cosmetics, Inc., I.C.E. Marketing Corp., and Homeboy's International, Inc.'s ("the Objecting Defendants")[1] Objections to the June 5, 2008 Report and Recommendation [Rec. Doc. 400], plaintiff's Response to defendants' Objections [Rec. Doc. 402], defendants' Supplement to their Objections [Rec. Doc. 403], and plaintiff's letter Motion of June 18, 2008 to strike defendants' Supplement to their Objections [Rec. Doc. 404]. For the reasons set forth herein, Magistrate Judge Orenstein's June 5, 2008 Report and Recommendation [Rec. Doc. 398] will be adopted in part, and plaintiff's May 19, 2008 letter Motion [Rec. Doc. 381] will be GRANTED IN PART and DENIED IN PART.

---

[1]This list of defendants offering Objections to the 6/5/08 R&R explicitly excludes Jacob Aini, and defendants claim that Jacob Aini has no stake in the issue presently before the Court because summary judgment has not been granted as against him on any claim.

**I.     Procedural Background**

Plaintiff moved for summary judgment against all defendants on all claims on April 14, 2003 [Rec. Doc. 159], and plaintiff's Motion was granted in part and denied in part by United States District Judge Sandra J. Feuerstein's Order of March 22, 2007 ("the 3/22/07 Order") [Rec. Doc. 354], *see also Martal Cosmetics, Ltd. v. Int'l Beauty Exchange, Inc.*, 2007 WL 895697 (E.D.N.Y.2007), which adopted United States Magistrate Judge James Orenstein's Report and Recommendation and Order of September 22, 2006 ("the 9/22/06 R&R") [Rec. Doc. 338] as modified therein. The 3/22/07 Order granted partial summary judgment in favor of plaintiff and against the Objecting Defendants on all claims related to the 091 Registration covering Symba Soap. It denied summary judgment on all claims related to the 368 Registration covering Symba Cream, finding that those claims may be subject to the affirmative defense of fraud; that is, defendants may prove, by clear and convincing evidence, that plaintiff committed fraud on the United States Patent and Trademark Office ("PTO") in obtaining the 368 Registration.

In plaintiff's May 19, 2008 letter Motion [Rec. Doc. 381], plaintiff argues: (1) the 9/22/06 R&R actually recommended dismissing defendants' fifth affirmative defense with respect to all claims related to the 368 Registration covering Symba Cream, despite some typographical errors that suggest otherwise, and thus an order should issue dismissing defendants' fifth affirmative defense with respect to all such claims; and (2) the 9/22/06 R&R resolved the issue of "willfulness" with respect to the Lanham Act claims on which it granted summary judgment, and thus the Court should rule that those Lanham Act violations were "willful" (which will affect plaintiff's award of statutory damages under 15 U.S.C. § 1117(c), and ability to recover attorney fees under 15 U.S.C. § 1117(a)(3)). The first argument succeeds, the second fails.

2

## II. Defendants' Fifth Affirmative Defense

The 9/22/06 R&R recommended dismissing defendants' fifth affirmative defense (the defense that any infringement that may have occurred was done in good faith and innocently) with respect to all claims, but allowed the survival of their eleventh affirmative defense (the defense that plaintiff committed fraud on the PTO in connection with registration) with respect to all claims related to the 368 Registration covering Symba Cream. In two places, however, the 9/22/06 R&R erroneously referred to the eleventh affirmative defense as the "fifth affirmative defense," thus misleading its reader into thinking that the real fifth affirmative defense should survive with respect to 368-related claims. *See* 9/22/06 R&R at 49, 63. But, as is explained at length in the 6/5/08 R&R, at 3-5, any suggestion that the fifth affirmative defense should survive summary judgment was merely editing error, and must and will be corrected by this ruling.

The 9/22/06 R&R recommended that the eleventh affirmative defense survive with respect to 368-related claims. It did not recommend that the fifth affirmative defense survive at all, with respect to any claim. *See* 9/22/06 R&R at 45-46 ("As discussed, the defendants failed to raise a question of fact as to the validity of the 091 Registration covering Symba Soap, although they have done so with respect to the 368 Registration covering Symba Cream. I therefore recommend that the court dismiss [the fraud defense] with respect to the 091 Registration, but not with respect the 368 Registration. The latter recommendation is the *only* barrier that I conclude should separate Martal from winning judgment entirely in its favor on the claims in its Complaint (as to the New York Defendants other than Jacob Aini)." (emphasis in original)).

The 3/22/07 Order contained no hint of an intent to modify that aspect of the 9/22/06 R&R, and thus the language in its "Conclusion" section suggesting that the fifth affirmative defense should

3

survive on some claims is simply a reflection of the 9/22/06 R&R's editing errors. Section II.A of the 6/5/08 R&R correctly recognizes as much and recommends the dismissal of defendants' fifth affirmative defense entirely, and will be adopted. Defendants' fifth affirmative defense should have been, and will now be, dismissed with respect to all claims.

## III. Defendants' Willfulness

Establishing a Lanham Act violation does not require a finding of wrongful intent. *Sunward Electronics, Inc. v. McDonald*, 362 F.3d 17, 25 (2d Cir.2004) ("it is well established that wrongful intent is not a prerequisite to an action for trademark infringement"). Once a Lanham Act violation is established, however, a defendant's willfulness, or lack thereof, becomes important for two reasons: the Act's section dealing with statutory damages for the use of counterfeit trademarks contains a separate, higher, damages ceiling that applies in cases where "the use of the counterfeit mark was willful," 15 U.S.C. § 1117(c)(2); and the Act allows a Court to award attorney fees "in exceptional cases," 15 U.S.C. § 1117(a)(3), which under Second Circuit law includes instances of "willful infringement." *Patsy's Brand, Inc. v. I.O.B. Realty, Inc.*, 317 F.3d 209, 221 (2d Cir.2003). In other words, a plaintiff who has shown that Lanham Act infringement occurred can increase his recovery in two categories by making a further, separate showing that the infringement was willful. "The standard for willfulness is whether the defendant had knowledge that [its] conduct represented infringement or perhaps recklessly disregarded the possibility." *Kepner-Tregoe, Inc. v. Vroom*, 186 F.3d 283, 288 (2d Cir.1999) (internal quotation marks omitted).[2]

---

[2]While this standard was first enunciated in the context of copyright infringement, courts in the Second Circuit have widely incorporated it into Lanham Act jurisprudence. *See*, *e.g.*, *Motorola, Inc. v. Abeckaser*, 2009 WL 962809, at *8 (E.D.N.Y.2009) (applying the willfulness standard from *Kepner-Tregoe, Inc.* to Lanham Act claims); *Nike, Inc. v. Top Brand Co.*, 2005 WL 1654859, at *10 (S.D.N.Y.2005) (same); *Phillip Morris USA Inc. v. Marlboro Express*,

4

The 9/22/06 R&R found that defendants violated two sections of the Lanham Act, 15 U.S.C. §§ 1114 and 1125(a), with respect to the 091 Registration covering Symba Soap, and that they violated those sections with respect to the 368 Registration covering Symba Cream unless they can successfully prove the affirmative defense of fraud on the PTO. In so finding, the 9/22/06 R&R explained in detail how the undisputed facts show that the Objecting Defendants trafficked in counterfeit goods. It made no mention, however, of the Objecting Defendants' mental states with respect to whether their conduct constituted infringement, other than to state that "it is inconceivable that...[defendant] ICE was not aware of the possibility that it was selling counterfeit products." 9/22/06 R&R, at 35. Under the Second Circuit's "knowledge or perhaps reckless disregard" standard, enunciated above, the 9/22/06 R&R's finding that ICE was aware of the possibility that it was selling counterfeit products is not tantamount to a conclusive determination of willfulness. To the contrary, in fact, the 9/22/06 R&R explicitly declined to explore the Objecting Defendants' mental states at any length, noting that a defendant's wrongful intent, or lack thereof, is "irrelevant to the disposition of a Lanham Act claim for trademark infringement." *Id.* at 38 (internal quotation marks omitted).

None of the 9/22/06 R&R's other language regarding the various defendants' Lanham Act liability may be interpreted as conclusive on the question of whether their infringing conduct was willful. Its conclusion that "each of the many corporate guises in which the Ainis clothed themselves bears responsibility for trafficking in counterfeit Symba products," *id.* at 36, indicates only that each corporate defendant infringed, not that any did so willfully. Similarly, its respective findings that defendants Harry Aini and Michael Aini were each "a moving, active conscious force

---

2005 WL 2076921, at *6 (E.D.N.Y.2005) (same).

behind" the corporate defendants' infringing activities, *id.* at 38-39 (internal quotation marks omitted), indicate only that each of those defendants is individually liable for the corporate defendants' infringement,[3] and not that either infringed willfully.

Finally, any suggestion that the 9/22/06 R&R's finding that the Objecting Defendants are liable on the state law claims necessarily means that all Lanham Act infringement was willful rests on circular logic. After finding the corporate defendants liable on plaintiff's Lanham Act claims, the 9/22/06 R&R noted that "the elements of these state law claims are substantially similar to those of Martal's federal claims," and thus "necessarily conclude[d] that [plaintiff] should also prevail on its state law claims for unfair competition." 9/22/06 R&R, at 36-37. The finding that defendants violated New York law merely reflected the finding that they had violated the Lanham Act, and did not suggest that those violations were willful. To hold otherwise would be to say that any violator of the Lanham Act is *ipso facto* a willful violator, which would contravene the settled rule that a Lanham Act violation does not require a finding of wrongful intent. *See Sunward Electronics, Inc. v. McDonald*, 362 F.3d 17, 25 (2d Cir.2004).

Judge Feuerstein's March 22, 2007 Order did not modify the relevant portions of Magistrate Judge Orenstein's September 22, 2006 R&R, and made no finding on the issue of willfulness. While Section II.B of Magistrate Judge Orenstein's June 5, 2008 R&R recommends that the Court now make such a finding, it provides no valid basis for doing so. The question of whether each Lanham Act violation was willful must be resolved by the finder of fact at trial.

---

[3]As the 9/22/06 R&R notes, the question of whether an individual is "a moving, active conscious force behind" behind a corporation's infringement is the test for individual liability. 9/22/06 R&R, at 37; *see also*, *e.g.*, *Cartier v. Aaron Faber, Inc.*, 512 F.Supp.2d 165, 170 (S.D.N.Y.2007).

**IV. Conclusion**

Based on the foregoing, it is

**ORDERED** that Section II.A of the Report and Recommendation of United States Magistrate Judge James Orenstein dated June 5, 2008 [Rec. Doc. 398] is adopted, and plaintiff Martal Cosmetics, Ltd.'s letter Motion of May 19, 2008 [Rec. Doc. 381] is **GRANTED** insofar as it requests the dismissal of defendants' fifth affirmative defense with respect to all claims.

Section II.B of the Report and Recommendation [Rec. Doc. 398] is not adopted, and plaintiff's Motion [Rec. Doc. 381] is **DENIED** insofar as it requests a summary finding of willfulness with respect to any Lanham Act violation.

**SO ORDERED.**

Tucker L. Melançon
United States District Judge

June 1, 2010
Brooklyn, NY