UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
-----------------------------------------------------------------X
Martal Cosmetics, Ltd.,

                Plaintiff,        MEMORANDUM AND ORDER
                                   Case No. 01-cv-7595 (TLM) (JO)
      -against-

International Beauty Exchange Inc. et al.,

                Defendants
-----------------------------------------------------------------X

**TUCKER L. MELANÇON, Senior United States District Judge:**

Before the Court are plaintiff's Motion in Limine [Rec. Doc. 474] to allow witness Marcus Sarner to testify at trial via audiovisual means and defendants' opposition thereto [Rec. Doc. 475] and plaintiff's March 4, 2011 letter [Rec. Doc. 486], stating that plaintiff will not exercise the opportunity given to it by the Court to take the deposition of defendants' expert, Dr. Tawil.

**I. Procedural History of the Motion Before the Court**

The issue of Sarner's testimony has a long history on this case's docket. The issue arose on July 22, 2010 when plaintiff's counsel submitted a letter moving the Court permit Sarner to testify remotely, for health reasons [Rec. Doc. 461]. Defense counsel submitted a letter opposing plaintiff's request on July 23, 2010 [Rec. Doc.

1

462]. That same day the Court set a telephone conference for July 26, 2010 and plaintiff's counsel submitted a letter requesting a conference and reiterating his position [Rec. Doc. 463]. During the Court's July 26, 2010 telephone conference, the Court gave plaintiff's counsel two options: either Sarner appeared in person or the Court would upset the trial without date and the parties could depose Sarner and his doctor (on or before August 16, 2010), and then file memoranda on the issue (plaintiff's counsel by August 30, 2010, defense counsel's response by September 13, 2010) [Rec. Doc. 464]. On July 27, 2010 plaintiff's counsel represented to the Court that Sarner was not able to appear in person to testify at the trial as scheduled, so the Court upset its August 9 or 10, 2010 trial date [Rec. Doc. 465]. On August 9, 2010 defense counsel submitted a letter to the Court stating that his opportunity to depose Dr. Walker was inadequate due to late notice, inadequate time to question him, incomplete medical records and inadequate time to review them beforehand [Rec. Doc. 466]. Defense counsel requested the Court order that: Sarner's deposition be conducted by live video, that Sarner be examined in London by a doctor of defense counsel's choosing, that defense counsel be allowed to take a follow-up deposition of Dr. Walker if necessary, and that Sarner's deposition be delayed until counsel had time to review all of his medical records. On August 10, 2010 plaintiff's counsel submitted a letter disputing most of defense counsel's letter and opposing all of

defense counsel's requests [Rec. Doc. 467]. On August 10, the Court upset the deadlines of its July 26, 2010 minute entry [Rec. Doc. 464] and set a hearing for September 7, 2010 [Rec. Doc. 468]. On August 13, 2010 plaintiff's counsel emailed the Court's clerk to inquire if it could submit Dr. Walker's deposition transcript to the Court via email since the Court specifically instructed them not to fill it via ECF due to the medical information it contained and the Court issued an Order permitting plaintiff's counsel to email the deposition [Rec. Doc. 469]. On August 25, 2010, plaintiff's counsel emailed Dr. Walker's written summary of his August 5, 2010 examination of Sarner to the Court's law clerk, requesting that the Court review it before the September 7, 2010 conference. Also on August 25, 2010 defense counsel emailed the Court's law clerk, stating that the parties had agreed to depose Sarner on September 2, 2010 and that the parties would need additional time to submit their memoranda. Defense counsel also asserted that Dr. Walkers's summary was not related to the purpose of the September 7, 2010 conference and inquired whether the Court still wanted to see the parties on that date. On August 26, 2010 plaintiff's counsel filed a letter asserting that defense counsel appeared to no longer be seeking the relief requested in his August 9, 2010 letter and that defense counsel had not yet hired a doctor to review Dr. Walker's records [Rec. Doc. 470]. Later on August 26, 2010, defense counsel submitted a letter [Rec. Doc. 471] stating that the issues of

3

whether there should be further examination of Sarner and/or further deposition of Dr. Walker were still unresolved and that he needed time to review Dr. Walker's records and was in the process of finding a doctor to review the medical records. Finally, on August 26, the Court in an Order stated "ENOUGH IS ENOUGH," and ordered that there be no more filings before the September 7, 2010 conference. During the conference, the Court set a briefing schedule on the issue [Rec. Doc. 472] that the parties have complied with [Rec. Docs. 474 and 475]. In plaintiff's Motion, counsel stated he had not had the opportunity to depose defendants' expert, Dr. Tawil [Rec. Doc. 474, page 7, fn. 3]. The Court issued an Order on December 15, 2010 granting plaintiff permission to file a Motion to take Dr. Tawil's deposition [Rec. Doc. 476], which plaintiff did on December 22, 2010 [Rec. Doc. 477]. The Court granted plaintiff's Motion on December 23, 2010 [Rec. Doc. 479]. In its December 15, 2010 Order the Court indicated that in the event plaintiff declined the opportunity to depose Dr. Tawil, the Court would decide the issue of Sarner's appearance at trial on the record before it. On February 7, 2011 the Court conducted a telephone conference in this case as well as in civil action 02-cv-6624 (*Johnson & Johnson Consumer Companies, Inc. v. Harry Aini et al.*) [Rec. Doc. 485], which has been assigned to the undersigned [*Johnson & Johnson* docket entry of June 30, 2010] and in which the parties in each case are represented by the same attorneys. On March 4, 2011 the

4

Court received a letter from plaintiff's counsel informing the Court that plaintiff had decided, for reasons stated therein, that Dr. Tawil would not be deposed [Rec. Doc. 486].

For the reasons that follow, plaintiff's Motion [Rec. Doc. 474] to allow Marcus Sarner to testify at trial via audiovisual means will be DENIED.

## II. Background

Plaintiff is a British corporation that sells health and beauty products under the "Symba" name. Plaintiff brought this action alleging that defendants infringed its trademarks. Sarner is the president and founder of plaintiff [Rec. Doc. 444]. Both plaintiff and defendants included Sarner on their will call witness lists [Rec. Docs. 444 and 445]. Plaintiff indicated that Sarner will testify about damages and defendants indicated examination of Sarner will relate to defendants' affirmative defense of fraud on the United States Patent Office [Rec. Docs. 444, 474 page 8, and 475 page 2].

## III. Analysis

Federal Rule of Civil Procedure 43(a) states that "[f]or good cause in compelling circumstances and with appropriate safeguards, the court may permit testimony in open court by contemporaneous transmission from a different location."

The Notes of Advisory Committee on 1996 Amendments to Rules state:

> The importance of presenting live testimony in court cannot be forgotten. The very ceremony of trial and the presence of the factfinder may exert a powerful force for truth telling. The opportunity to judge the demeanor of a witness face-to-face is accorded great value in our tradition. Transmission cannot be justified merely by showing that it is inconvenient for the witness to attend the trial.

However, the Notes further state that "[t]he most persuasive showings of good cause and compelling circumstances are likely to arise when a witness is unable to attend trial for unexpected reasons, such as accident or illness, but remains able to testify from a different place." Based on the record before the Court and the posture of the case, the Court finds that there is not "good cause in compelling circumstances" to allow Sarner to testify remotely.

### IV. Conclusion

For the foregoing reasons, it is

**ORDERED** that plaintiff's Motion in Limine to allow Sarner to testify remotely [Rec. Doc. 474] is DENIED. It is further

**ORDERED** that Plaintiff's July 22, 2010 letter motion requesting a pre-trial conference to allow Sarner to testify by telephone or video [Rec. Doc. 461], plaintiff's July 23, 2010 letter motion reiterating its request for a pre-trial conference [Rec. Doc. 463], and defendants' August 9, 2010 motion to compel

[Rec. Doc. 466], are DENIED as moot.

**SO ORDERED.**

_____
Tucker L. Melançon
United States District Judge

March 11, 2011
Brooklyn, NY